## SIMON v. BALTIC AMERICAN FEED CORPORATION, Inc. (MARTENIS, Intervener).

### No. 1278.

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

Pugh & Buatt, of Crowley, for appellant.

E. F. Gayle, of Lake Charles, for appellee Martenis.

MOUTON, Judge.

In this case, the trial judge rendered the following opinion and decree:

"The plaintiff in this case sued for the purchase price of 750 bags 'choice Brewers Rice,' which plaintiff agreed to deliver f. a. s. Lake Charles, in April or May, 1931, the date of delivery to be named by the purchaser.

"A tender of the rice, and its refusal were alleged.

"The defendant pleads in defense that the plaintiff breached the contract by tendering rice far inferior to that agreed upon.

"On May 19, 1931, and within the time permitted defendant by the contract, it instructed plaintiff's agent in New York, Connell Rice & Commission Company, through whom all proceedings were had, to have the plaintiff ship the rice in question on the North German Lloyd steamship Palatia.

"The broker agent of the plaintiff, evidently receiving modified instructions from the defendant, wrote the plaintiff on May 20, 1931, to deliver the rice alongside the Palatia. After receiving these instructions, the plaintiff shipped 750 bags of rice to the docks at Lake Charles, which everybody admits did not com-

ply with the contract because of inferior grade.

"Plaintiff, aware of this fact, tendered this rice, which was refused.

"It is admitted by the plaintiff that the defendant thereafter never did nor said anything which might be construed as indicating defendant wanted or would permit the plaintiff to deliver later rice that would comply with the contract. Nor did the plaintiff then, or at any other time, indicate that he wished to or would make another attempt to comply with the contract.

"After the time named in the contract for the delivery of the rice had expired, that is, after May 31, 1931, the plaintiff, on June 10, 1931, purchased other rice, and, without any authority whatsoever, loaded the rice on the Palatia, consigned it to Europe without the knowledge or consent of the defendant, and then, after the Palatia had been at sea for 18 days, drew a draft on the defendant on July 2, 1931, for the price of the rice originally contracted for, and, in addition, an insurance premium of $10.43.

"Of course, defendant, not only had no knowledge that plaintiff contemplated another try at fulfilling the contract, but did not know of the loading of the rice on the ship, until the draft of July 2, 1931, was received in New York, at which time it was too late for defendant to inspect the shipment, even if it had wanted the rice.

■ "A tender of rice inferior in grade to that agreed upon is inconsistent with the contract, constitutes an active violation of the contract, and puts it at an end. Civ. Code, arts. 1931, 1932.

■ "Where a party to a contract actively violates it, he cannot, within the time provided by the contract for performance, or within the time extended for performance, make a second tender of the delivery, which is binding on the other party. Tanner v. Eagle Bag Co., 145 La. 502, 82 So. 682.

■ "Even had there been no active violation of the contract in this case, defendant was under no obligation to accept delivery after the expiration of the time named in the contract. Monumental Brewing Co. v. Southern Rice Milling Co., 155 La. 454, 99 So. 401.

■ "Moreover, if plaintiff had delivered the proper grade of rice, within the time provided by the contract, plaintiff could not recover in this case because the bill of lading, evidencing the title, was not unconditional, for the bill showed the rice consigned to Europe. I know of no law or business custom which permits a seller of goods to ship them to any part of the world he chooses, without the knowledge or consent of the purchaser.

■■ "There is no word in the record suggesting that plaintiff had any right to add to the price of the rice in the draft any sum for insurance. No one asked plaintiff to insure the rice, and no such business custom is shown. A tender of a bill of lading, as representing the rice, is no performance of the contract, when the bill will not be delivered except upon payment of a sum in excess of the contract price.

 "The plaintiff had positive knowledge of defendant's instructions not to load or ship any rice on the Palatia, and, notwithstanding this fact, he loaded and shipped the rice on that steamer. (Tr. 145.) This fact, of course, would defeat recovery, if plaintiff had otherwise complied with the contract.

"For the foregoing reasons, the law and the evidence being in favor thereof:

"It is ordered, adjudged, and decreed that there be judgment herein, rejecting the demands of the plaintiff at his cost, including the fee of the curator ad hoc, which is fixed at $35.

"It is further ordered, adjudged, and decreed that there be judgment herein in favor of the third opponent and intervener, Carhart J. Martenis, ordering the rice attached in this suit, or the proceeds of the sale thereof, delivered to the said intervener as pledge for the payment of a note for the sum of $10,000, dated June 15, 1931, signed by the defendant, in favor of the intervener."

Judgment affirmed.